IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NICK NICOLI,<br><br>            Petitioner,<br><br>vs.<br><br>EARL HOUSER,<br><br>            Respondent. | No. 3:21-cv-00048-JKS<br><br>ORDER OF DISMISSAL |

Nick Nicoli, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"), which was received in this Court on March 2, 2021. Docket No. 1. After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court determined that the claims raised in the Petition had not been presented properly to the State courts, or were in the process of being presented through a currently-pending appeal in the Alaska Court of Appeal of the denial of post-conviction relief ("PCR"), *see* http://www.appellate.courts.state.ak.us/ *(Nicoli v. State*, A-13373), and were therefore wholly unexhausted. Docket No. 4 at 3. The Court further explained that, to raise claims before this Court on federal habeas review, a petitioner ***must*** present those claims to the State courts and allow those courts to decide them in the first instance. *Id.* The Court allowed Nicoli an opportunity to address his failure to fully raise the claims in State courts prior to filing in this Court, and demonstrate why the Court should nonetheless consider his claims. *Id.* at 3-5.

In response, Nicoli argues the merits of his case, contending that his appointed trial and appellate counsel rendered ineffective assistance in his state court proceedings. Docket No.4 at 3-9. But as this Court previously explained, a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To exhaust his or her federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.* at 845. A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Nicoli does not dispute that he has failed to exhaust the claims raised in the instant Petition by fully presenting them to the state courts. Nor does he demonstrate that a fundamental miscarriage of justice would result if the Court declined to consider his unexhausted Petition, or that he is actually innocent of the crimes for which he was convicted. Despite Nicoli's contentions, the record here does not permit the Court to conclude that Nicoli is foreclosed, as a matter of state law, from exhausting the claims raised in the Petition before raising them in this Court in a properly-filed habeas petition.[1] Because it appears that Nicoli is in the process of

---

[1] Although he again takes issue with the speed and manner in which his state PCR proceedings are being handled, as the Court explained in the prior Order, the state court records do not support that the PCR process afforded to Nicoli in the state courts is ineffective to protect his rights. *See* Docket No. 3 at n.4.

-2-

Case 3:21-cv-00048-JKS   Document 7   Filed 04/26/21   Page 2 of 3

pursuing them in state court, a dismissal without prejudice here allows him the opportunity to do so.[2]

**IT IS THEREFORE ORDERED:**

1. The Petition is **DISMISSED WITHOUT PREJUDICE.**

2. All pending motions are **DENIED AS MOOT**.

3. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must also be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

4. The Clerk of Court is respectfully directed to enter final judgment in this case.

Dated at Anchorage, Alaska this 26th day of April, 2021.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge

---

[2] Mr. Nicoli is reminded, however, that he should not return to this Court until he has fully exhausted any claims he wishes to raise in this Court by presenting them *first* to the Alaska state courts. Nicoli should also be mindful of the one-year statute of limitations period under 28 U.S.C. § 2244(d). As the Court explained in its prior Order, Nicoli's pending PCR application has thus far tolled the limitations period in its entirety. Docket No. 3 at 7. In the event the Court of Appeals rules against Nicoli in the PCR proceeding, he should petition for hearing in the Alaska Supreme Court, and then file a new habeas petition in this Court, if necessary, without delay to ensure the timeliness of the properly-filed federal habeas petition.